The State of Ohio, Appellee, *v.* Lloyd, Appellant.
(Two cases.)

[Cite as State v. Lloyd, 8 Ohio App. 2d 155.]

(Nos. 605 and 606—Decided October 24, 1966.)

*Mr. Homer B. Gall, Jr.,* prosecuting attorney, for appellee.
*Mr. John J. Connors, Jr.,* for appellant.

Duffey, J.  These are appeals filed pursuant to Section 2953.23, Revised Code.  Appellant, an inmate of the Ohio Penitentiary, applied to the Common Pleas Court of Athens County for postconviction relief under Section 2953.21, Revised Code.

Appellant is incarcerated under two concurrent sentences for armed robbery imposed in 1961. In his petition, he alleges that he was not advised of his right to counsel, that counsel was not appointed for him, and that he did not waive his right to counsel. The court, *sua sponte*, dismissed the petition. The entry recites that "The court finds to the satisfaction of the court from the petition and the files and records of this cause, that defendant is not entitled to relief." No answer was filed and appellant was not granted an evidentiary hearing.

The first problem presented is to determine what matters were properly before the trial court and could be used as a basis of decision. The Clerk of the Common Pleas Court treated the postconviction remedy petition as a continuation of the criminal action itself and assigned it the same number rather than giving it a new number and treating it as a separate action. Section 2953.21, Revised Code, as enacted, does not require that the petition be filed either in the same case or separately. The procedural problem presented is, therefore, directly analogous to that presented by a petition to vacate judgment under Section 2325.05, Revised Code. In *Allen* v. *Streithorst* (1950), 154 Ohio St. 283, the court held that the "petition [to vacate] may be filed in either the action in which the original judgment was rendered or in a separately numbered action in the same court." The court noted that it probably was advisable to do the former. In our opinion, a petition to vacate under Section 2953.21, Revised Code, may be filed either in the original action or as a separate action and that the former is probably advisable.

The statute requires the trial court to give notice and grant a hearing, "Unless the petition and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, * * *." In this case, the petition sufficiently alleged a deprivation of the right to counsel and it could not be dismissed for failure to allege grounds for relief. The justification for the dismissal order must be derived from "the files and records of the case."

In our opinion, the files and records referred to by the statute are those of the original criminal action being attacked by the petition to vacate. The documents which are of record in a felony case would generally be the bindover order, the

indictment or information, motions, verdict and court entries. It could include a transcript of testimony and proceedings where that transcript was prepared, duly authenticated and filed of record in the criminal case itself. A transcript of proceedings not so authenticated and filed would have to be admitted into evidence in the course of the postconviction remedy action.

In the present case, the file on appeal includes what appears to be a transcript of actual proceedings upon appellant's arraignment, a portion of his trial, and a hearing on a change of plea. This purported transcript is typewritten. It is not signed, certified or authenticated in any manner, and it contains no stamp of the Common Pleas Court Clerk showing that it was filed in the criminal action. Since it is not an original document in the record of the criminal action, it does not come within the statutory provisions of Section 2953.21, Revised Code, and, therefore, could not be considered by the trial court on that authority. Since it was not offered or accepted into evidence in the postconviction action, it was not before the court as evidence. It obviously cannot be added to the record on appeal. The propriety of the trial court's order of dismissal must, therefore, be reviewed on the basis of that which was properly before it, *i. e.*, the petition to vacate and the documents filed of record in the criminal action.

The record of the criminal action contains entries dated February 14, 1961, showing that appellant entered a plea of not guilty to the charge in indictment No. 11808 and indictment No. 11807. Each entry recites that appellant was represented by an attorney who could not be present, and that appellant waived his right to have his attorney present for his arraignment. Of course, those entires do not necessarily show that appellant had an attorney at his trial.

From indications dehors the record (the unauthenticated transcript), the appellant did not have an attorney at his trial. However, the petition here does not allege that appellant was represented by an attorney, that the representation terminated before trial, and *then* that appellant was not represented at trial, not advised of his right, and did not waive his right. Rather, the petition here simply makes the bare allegation that appellant was not represented at all. That allegation is refuted by the entries. While an opportunity to amend the petition

might well have been provided, we find no prejudicial error in dismissing the petition in its present form so long as that is without prejudice to appellant's right to file another petition and obtain an evidentiary hearing with respect to the circumstances at the time of the trial.

The order of the Common Pleas Court dismissing the petition will be modified to provide that the dismissal is without prejudice to the filing of another petition relating to the circumstances of appellant's legal representation at the time of his trial, and, as so modified, will be affirmed.

*Judgments modified and, as modified, affirmed.*

BROWN, P. J., and CARLISLE, J., concur.

DUFFEY, J., of the Tenth Appellate District, sitting by designation in the Fourth Appellate District.