OPINION
Appellant Donald Harman appeals the trial court's order which denied his second petition for post-conviction relief. For the following reasons, the decision of the trial court is affirmed.
On October 2, 1995, appellant pled guilty to and was sentenced on one count of felonious assault and seven different counts of aggravated trafficking in drugs. Appellant did not file a direct appeal. He filed his first petition for post-conviction relief in May 1996. That petition was denied by the trial court without a hearing, and this court affirmed the denial. State v. Harman
(June 21, 1999), Mahoning App. No. 96 CA 184, unreported, discretionary appeal not allowed, (1999), 87 Ohio St.3d 1465. In the meantime, appellant filed and continues to file a multitude of motions in the trial court. On January 16, 1998, appellant filed his second petition for post-conviction relief. This petition was denied without a hearing on the grounds that it did not satisfy the criteria for successive petitions under R.C.2953.23. It is from this denial that the within appeal arises.
Most of appellant's claims for relief in his petition and his appellate brief revolve around certain portions of the plea/sentencing transcript. However, post-conviction relief is appropriate only when it concerns errors based upon facts and evidence dehors, i.e. outside the record. State v. Cole (1982),2 Ohio St.3d 112, 114. As such, appellant may not raise claims in his petition for post-conviction relief that are based on alleged errors in taking his plea that solely occurred on the record.State v. Perry (1967), 10 Ohio St.2d 175 (applying the doctrine of res judicata to bar claims from post-conviction proceedings that could have been raised on a direct appeal review of the record) Additionally, post-conviction relief is not available as a vehicle to raise non-constitutional issues. R.C. 2953.21; Statev. Ishmail (1981), 67 Ohio St.2d 16, 18 (holding that alleged non-constitutional Crim.R. 11 violations in taking a guilty plea may not be raised in a post-conviction relief petition if such errors could have been raised on direct appeal by submission of the plea transcript).
Appellant sets forth seven assignments of error, the first of which basically contends that the trial court should not have denied his petition for post-conviction relief without an evidentiary hearing. His remaining six assignments allege specific trial court errors which he claims require post-conviction relief. Due to our resolution of appellant's first assignment of error, we need not directly address appellant's remaining assignments which are rendered moot by our decision herein. App.R. 12(A)(1)(c).
As aforementioned, this appeal concerns appellant's second petition for post-conviction relief. Pursuant to R.C.2953.21(A)(4), a petitioner waives all grounds for relief that he fails to state in his original petition except as provided in R.C. 2953.23. Specifically, a second or successive petition may not be entertained unless both of the following apply:
"(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) * * * the United States Supreme Court recognized a new federal or state right that applies retroactively * * *.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A).
There is no indication that R.C. 2953.23(A)(1)(b) is applicable. As for R.C. 2953.23(A)(1)(a), appellant suggests that he was unavoidably prevented from discovering the transcript of his plea/sentencing hearing at the time of his original petition. Appellant claims that the prosecution "lied" in its 1996 response to appellant's original petition by claiming that no plea or sentencing transcripts existed. Initially, we note that such a statement by the prosecution could be construed as a mere reminder to the court that appellant failed to submit or refer to any transcripts in support of his petition. Also, there may have been some confusion because appellant pled guilty and was sentenced on October 2, 1995, but the journal entry for the plea was filed on October 3 and the journal entry for the sentencing was filed on October 17.
Regardless, appellant could have filed a direct appeal with the assistance of court-appointed counsel who would have obtained a transcript for him at state expense. He also could have purchased a copy of the transcript to prepare for his first petition for post-conviction relief and/or filed a request for the transcript to be made a part of the evidence in support of his first petition. Yet, he did not do so. It is not the prosecution's obligation to sua sponte provide appellant with a transcript to support his post-conviction petition. Appellant had the obligation to request a transcript using the correct date of the hearing at which the transcript was generated. See State v. Lloyd
(1966), 8 Ohio App.2d 155, 157.
It appears to be appellant's initial lack of effort that precluded him from obtaining a transcript earlier. Nothing before us suggests that appellant was "unavoidably prevented" from obtaining the transcript of his plea hearing in time for filing his first petition for relief. As such, the trial court correctly held that appellant's second petition for post-conviction relief failed to satisfy the requirements of R.C. 2953.23(A).
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Cox, P.J., concurs.
Waite, J., concurs.
APPROVED:
 _________________________ JOSEPH J. VUKOVICH, JUDGE