OPINION
Defendant-appellant Joseph Robinson, Jr., appeals from the denial of his petition for post-conviction relief, without a hearing. Robinson contends that the trial court erred by failing to consider the files and records in his case, that the trial court erred in considering the transcript of his trial, and that the trial court erred in denying his petition without a hearing. We conclude that Robinson has failed to portray either that the trial court did not consider the files and records in the case in its decision to deny his petition for post-conviction relief, or that, assuming that the trial court did fail to do so, this prejudiced Robinson in any way. We further conclude that the trial court correctly considered the transcript of the trial, which had been filed in connection with Robinson's direct appeal, in view of the fact that Robinson claimed, among other things, in his petition for post-conviction relief, that his trial counsel had failed to subject the prosecution's case "to meaningful adversarial testing," which would necessarily have required an examination of the trial transcript. Finally, we conclude that although Robinson did present some evidence, in support of his petition for post-conviction relief, that he had suffered from a mental condition, his submission failed to demonstrate that, as a result of this condition, Robinson did not know, at the time of the commission of the offense, the wrongfulness of his acts. Accordingly, we conclude that the trial court properly denied Robinson's petition for post-conviction relief, and the judgment of the trial court is Affirmed.
 I
In 1991, Robinson was charged by indictment with one count of Aggravated Murder. The victim was his girlfriend, Regina Freeman.
On the date of Robinson's arraignment, two lawyers were appointed to represent him. The State provided discovery on June 28, 1991. A July 23, 1991 trial date was set, but was continued upon Robinson's motion to September 4, 1991. On August 21, 1991, Robinson moved for another continuance, but that motion was overruled.
On the day before trial, Robinson again moved to continue the trial date, but this motion was overruled.
Following a jury trial, Robinson was convicted as charged, and sentenced accordingly.
Robinson appealed from his conviction and sentence, and a transcript of the trial proceedings was prepared and filed in this court in connection with his direct appeal. In 1993, we affirmed Robinson's conviction.
In 1999, Robinson sought, and obtained, leave to file a delayed post-conviction relief petition. His petition was denied, without a hearing. From the denial of his petition, Robinson appeals.
 II
Robinson's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST CONVICTION PETITION WITHOUT FIRST CONSIDERING ALL THE FILES AND RECORDS PURSUANT TO OHIO REVISED CODE SECTION 2953.21.
As the State notes, there is nothing in the record to demonstrate that the trial court failed to consider the files and records of this case. Accordingly, we conclude that Robinson has failed to portray the error he has assigned. Furthermore, even if we were to assume that the trial court failed to consider the files and records in the case, Robinson has not indicated how that has prejudiced him. That is, he has not indicated what matter or matters contained in files and records of the case would have led the trial court to grant his petition, or at least grant him a hearing on his petition, had the trial court considered it.
Robinson's First Assignment of Error is overruled.
 III
Robinson's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN CONSIDERING THE TRIAL TRANSCRIPTS OF THE CASE AT BAR IN DENYING THE APPELLANT'S POST CONVICTION PETITION PURSUANT TO OHIO REVISED CODE SECTION 2953.21.
Robinson contends that the trial court erred by considering the trial transcript. In its decision denying his petition for post-conviction relief, the trial court alludes to the transcript of the trial, thereby suggesting that the trial court did consider the trial transcript in deciding Robinson's petition for post-conviction relief.
Robinson relies upon State v. Lloyd (1966), 8 Ohio App.2d 155, in which it was held to have been error to have considered, in connection with a petition for post-conviction relief, a transcript of trial proceedings that was not signed, certified or authenticated in any manner, and that contained no stamp of the common pleas court showing that it was filed in the criminal action.
In the case before us, the trial transcript was filed in this court in connection with Robinson's direct appeal, and its authenticity has never been challenged. We are somewhat troubled by the fact that the trial transcript in our record contains no signature on the court reporter's signature page. However, the fact that it was filed in the direct appeal, and that its authenticity was never challenged, leads us to conclude that it is authentic. A "court reporter's transcript" is one of the items required to be considered by the trial court in deciding a petition for post-conviction relief. R.C. 2953.21(C).
Because Robinson claimed, in his petition for post-conviction relief, that his trial counsel had "never subjected the prosecution's case to meaningful adversarial testing," it was proper for the trial court to consider the trial transcript in evaluating that claim.
Robinson's Second Assignment of Error is overruled.
 IV
Robinson's Third Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S POST CONVICTION PETITION WITHOUT CONDUCTING AN EVIDENTIARY HEARING PURSUANT TO OHIO REVISED CODE SECTION 2953.21.
In this assignment of error, Robinson contends that he submitted enough evidentiary material in support of his petition for post-conviction relief to entitle him to a hearing on the petition.
To establish that a defendant has been deprived of the effective assistance of trial counsel, the defendant must establish both that his trial counsel's performance fell below constitutionally mandated standards, and that this failure had a substantial probability of affecting the result of the trial.Strickland v. Washington (1984), 466 U.S. 668. Even if we are to assume that Robinson's trial counsel fell below constitutionally mandated standards of performance by failing to develop evidence that Robinson was suffering from a mental condition, which he calls "steroid psychosis," at the time of the offense, Robinson has failed to present anything to establish that the result of the trial would likely have been different if this evidence had been developed, and presented to the jury.
Some time before the offense, Robinson had had a kidney transplant. Robinson contends that his trial counsel should have developed evidence of what Robinson says one doctor termed "steroid psychosis." In support of this contention, Robinson attached to his petition medical records reflecting that on the day he allegedly shot and strangled his girlfriend, he was admitted to a hospital, where the following was noted:
 The patient was admitted and fully evaluated for his increasing creatinine. At that time, it was felt that he had been taking his medications appropriately, as there was some alteration in his mental status. He was begun on intravenous fluid hydration and steroids were pulsed for rejection. A psychiatric consultation was obtained. The patient was found to have psychogenic amnesia. Several recommendations were made by the psychologist, which were followed up. Evaluation of his transplanted kidney included an ultrasound, which was normal. In addition, he underwent a renal biopsy which showed mild rejection. In addition, he was complaining of some retrosternal burning and upon evaluation with an esophagogastro-duodenoscopy, he was found to have severe, erosive esophagitis. He was begun on Omeprazole therapy with improvement. His creatinine continued to improve on his steroid taper. Plans were made to discharge the patient to prison.
 Robinson seems to be arguing that his trial counsel is ineffective for having failed to develop evidence to support an insanity defense. The defense of "not guilty by reason of insanity" is an affirmative defense. R.C. 2901.05(A). A person is not guilty by reason of insanity if, "at the time of the commission of the offense, the person did not know, as the result of a severe mental disease or defect, the wrongfulness of the person's acts." R.C. 2901.01(A)(14).
In order to have established the affirmative defense of insanity, Robinson would have had to have proven not only that he was suffering from a severe mental disease or defect at the time of the offense, but also that this disease or defect caused him not to know the wrongfulness of his acts.
In our view, the materials Robinson submitted with his petition for post-conviction relief fell short of demonstrating any reasonable likelihood that the evidence his trial counsel allegedly failed to develop, had it been developed and presented to the jury, would have led the jury to conclude that Robinson had not known the wrongfulness of his acts, as the result of a severe mental disease or defect, at the time of the offense. Because Robinson failed to make any showing that he could satisfy the second prong of Strickland v. Washington, supra, the trial court correctly denied his petition for post-conviction relief, without a hearing.
Robinson's Third Assignment of Error is overruled.
 V
All of Robinson's assignments of error having been overruled, the judgment of the trial court is Affirmed.
 ____________________ FAIN, J.
GRADY, P.J., and YOUNG, J., concur.